R. Eddie Wayland (TN Bar 6045)
rew@kingballow.com
R. Douglas Hanson (TN Bar 17387)
dhanson@kingballow.com
Paul H. Duvall (CA Bar 73699)
pduvall@kingballow.com
William H. Choppin (CA Bar 303027)
wchoppin@kingballow.com
**KING & BALLOW**
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456
Fax: (888) 688-0482

Sandeep J. Shah (CA Bar 210449)
Sandeep@shahshethlaw.com
**SHAH SHETH LLP**
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626
(714) 955-4551
Fax: (714) 966-0663

Richard D. Marca (CA Bar 127365)
richard.marca@greshamsavage.com
**GRESHAM SAVAGE NOLAN & TILDEN, PC**
3750 University Avenue, Suite 250
Riverside, CA 92501
(951) 684-2171
Fax: (951) 684-2150

Gregory P. Wong (CA 204502)
greg@adeptemploymentlaw.com
**ADEPT EMPLOYMENT LAW, APC**
10880 Wilshire Boulevard, Suite 1101
Los Angeles, CA 90012
(213) 505-6283
Fax: (213) 947-4584

Attorneys for Defendant Western Express, Inc.

Attorneys for Plaintiff Valere Williams

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VALERE WILLIAMS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN EXPRESS, INC., a Tennessee corporation, which will do business in California as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:15-CV-00402-JGB-SP<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER [DISCOVERY MATTER]**<br><br>Complaint filed:  January 22, 2015<br>FAC filed:  March 31, 2015<br>Trial date:  May 31, 2016<br><br>**[NOTE THE CHANGE MADE BY THE COURT IN ¶ 7]** |

# **STIPULATED PROTECTIVE ORDER**

**Purposes and Limitations.** Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosures and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**Good Cause Statement.** This action is likely to involve trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential or proprietary business information, private or confidential personal or personnel information, information received in confidence from third parties, or other information which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. With respect to the foregoing, special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise

protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

**Accordingly,** to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**IT IS HEREBY ORDERED THAT:**

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential or proprietary business information, or (b) that contains private or confidential personal or personnel information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" (hereinafter "Confidential").

2. Any party to this litigation and any third party shall have the right to designate as "Attorney's Eyes Only" and subject to this Order any information,

document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorney's Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only").

        3.      All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

        4.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

        a.      Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

        b.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

        c.      The Court and court personnel;

        d.      Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that

the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

  e. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audio-visual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

  f. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives and/or officers who are required to participate in decisions with reference to this lawsuit.

  g. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed the Written Assurance below:

WRITTEN ASSURANCE

  I, _____ (insert name, business position and address), declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I reside at _____, in the City of _____, State of _____; that I have read and fully understand the Order dated _____, and am engaged as a(n) _____ (insert description of position), on behalf of _____ in the preparation and

conduct of the action entitled *Valere Williams et al. v. Western Express, Inc. et al*, No. 5:15-CV-00402-JGB-SP (C.D. Cal.); that I am fully familiar with and agree to comply with and be bound by the provisions of said Protective Order; and that I will not divulge information concerning this matter to persons other than those specifically authorized by said Protective Order except as expressly permitted by the Court on pain of contempt.

Dated at _____ this _____ day of _____, 201_.

5. Confidential material shall be used only by individuals permitted access to such material under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. With respect to any deposition of a party to this action that involves a disclosure of Confidential material, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (e), and (g) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (e), and (g) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7. Material produced and marked as Attorney's Eyes Only may be disclosed only to outside counsel for the receiving party, the court and court personnel, and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8. Local Rule 37-1 *et seq.* shall apply to all disputes regarding the designation of information as Confidential or Attorney's Eyes Only. If at any time a party disagrees with a designation of information as Confidential or Attorney's Eyes Only by a party under this Protective Order, the disagreeing party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.* The confidentiality of any information for which such an application is submitted shall be maintained until the Court rules on the application. The information shall be entitled to Confidential or Attorney's Eyes Only status unless the Court determines the information is not entitled to such treatment.

9. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorney's Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

10. If information which has been designated as Confidential or Attorney's Eyes Only is included in any papers to be filed with the Court, such papers shall be submitted for filing with the Court along with an application and proposed order to file the papers under seal in compliance with Local Rule 79-5.1. The application, proposed order, and document(s) submitted for filing under seal shall be directed to the judge, pursuant to Local Rule 79-5.1. If only a portion of the document, memorandum, or filing is sealable, the submitting party may file non-confidential, redacted versions of the document, memorandum or other filing with the Court. If the application for sealing is denied, the submitting party may re-submit the document in a manner that conforms with the Court's order and the re-submitted documents are deemed filed as of the date they were originally lodged.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified within a reasonable time after disclosure by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Protective Order.

14. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective

1  Order is being entered without prejudice to the right of any party to move the Court
2  for modification or for relief from any of its terms.

3        15.    This Protective Order shall survive the termination of this action and shall
4  remain in full force and effect unless modified by an Order of this Court or by the
5  written stipulation of the parties filed with the Court.

6        16.    Upon final conclusion of this litigation, each party or other individual
7  subject to the terms hereof shall be under an obligation to assemble and to return to
8  the originating source all originals and unmarked copies of documents and things
9  containing Confidential material and to destroy, should such source so request, all
10 copies of Confidential material that contain and/or constitute attorney work product as
11 well as excerpts, summaries and digests revealing Confidential material; provided,
12 however, that counsel may retain complete copies of all transcripts and pleadings
13 including any exhibits attached thereto for archival purposes, subject to the provisions
14 of this Protective Order. To the extent a party requests the return of Confidential
15 material from the Court after the final conclusion of the litigation, including the
16 exhaustion of all appeals therefrom and all related proceedings, the party shall file a
17 motion seeking such relief.

19 IT IS SO ORDERED.
20 Dated: October 15, 2015

                                      Honorable Sheri Pym
21                                       United States Magistrate Judge

22 APPROVED FOR ENTRY:

24 By:  s/ R. Eddie Wayland            By:  s/ Sandeep. J. Shah
        R. Eddie Wayland                       Sandeep J. Shah
25       R. Douglas Hanson                   **SHAH SHETH LLP**
        Paul H. Duvall
26       William H. Choppin                   Gregory P. Wong
        **KING & BALLOW LAW**          **ADEPT EMPLOYMENT**
27       **OFFICES**                              **LAW, APLC**

28       Richard D. Marca

1  **GRESHAM SAVAGE NOLAN & TILDEN, P.C.**
2  Attorneys for Western Express, Inc.    Attorneys for Valere Williams
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28